**Willie H. BOZEMAN, as legal representative of the Estate of Mario Haggard, deceased, Plaintiff,**

v.

**Silas ORUM, III, et al., Defendants.**

**Civil Action No. 00–T–1368–N.**

United States District Court, M.D. Alabama, Northern Division.

Feb. 9, 2004.

G. Griffin Sikes, Jr., G. William Gill, Joseph C. Guillot, McPhillips, Shinbaum & Gill, Montgomery, AL, for Plaintiff.

Constance Caldwell Walker, Thomas T. Gallion, III, Haskell, Slaughter, Young & Gallion, LLC, Robert M. Weinberg, John W. Adams, Jr., Pamela R. Higgins, Christina H. Jackson, Thomas, Means, Gillis & Seay, PC, James Eugene Williams, James Flynn Mozingo, Melton, Espy & Williams, PC, Montgomery, AL, for Defendants.

### ORDER

MYRON H. THOMPSON, District Judge.

This case is currently before the court on plaintiff Willie H. Bozeman's second motion to vacate, etc. For the reasons below, this motion will be denied.

In her motion, citing the recent Supreme Court case of *Hope v. Pelzer*, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), the plaintiff asks the court to vacate entirely its ruling on summary judgment. *Bozeman v. Orum*, 199 F.Supp.2d 1216 (M.D.Ala.2002). *Hope v. Pelzer* refocuses the court's qualified-immunity inquiry on whether relevant caselaw "gave reasonable warning that the conduct then at issue violated constitutional rights," regardless of whether the facts of the prior cases were "materially similar," as had been the Eleventh Circuit's standard. The plaintiff is certainly correct that the *Hope* case alters the qualified-immunity analysis in the Eleventh Circuit; however, because this alteration has no effect on the case before this court, there is no need to vacate the summary-judgment decision.

The court's companion decision entered this day on the plaintiff's first motion to reconsider allows the excessive-force claim against the defendant officers to proceed to trial, given the testimony of an eyewitness to the events occurring within decedent Mario Haggard's cell. *Bozeman v. Orum*, 302 F.Supp.2d 1310 (M.D.Ala.2004). Based on that testimony, overlooked during the original summary-judgment proceedings, there is a question of fact as to whether the actions of the defendant officers violated Haggard's constitutional rights, *id.*, and, based on that evidence, it is clear to the court that the defendant officers are not at this stage entitled to qualified immunity on that claim. *Id.* The decision in *Hope v. Pelzer* would not in any way alter this outcome, except possibly to

strengthen its basis, nor would it alter the outcome on the other claim proceeding to trial, the deliberate-indifference-to-serious-medical-needs claim against the defendant officers.

As to the plaintiff's other claims, the Supreme Court's decision in *Hope v. Pelzer* does not alter this court's analysis, as the relevant precedent clearly provides that these other claims should not proceed to a jury. *See generally Bozeman v. Orum,* 199 F.Supp.2d 1216 (M.D.Ala.2002). That is, there is no room to go back and find caselaw that gives the officials fair warning that their conduct in this case is unconstitutional because this court has already found caselaw holding that such conduct was *not* unconstitutional. Without a predicate constitutional violation under the relevant law, there can be no denial of qualified immunity (or, more correctly, the court would never reach the issue of qualified immunity).

The plaintiff also asks for this court to accept the affidavit of Dr. George Kirkham into the evidence considered on these motions to alter the summary-judgment ruling. The court denies this request based, first, on the reasons expressed in its order of January 22, 2002 (Doc. no. 150), and, second, because the disposition of the plaintiff's motion does not require a re-searching of the summary-judgment evidence or such evidence's supplementation.

For the foregoing reasons, it is ORDERED that plaintiff Willie Bozeman's second motion to vacate, etc., filed July 19, 2002 (Doc. no. 244), is denied.